**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SENTINEL INSURANCE COMPANY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NOVO SURGICAL INC. and SPECIALTY | ) | No. |
| SURGICAL INSTRUMENTATION, INC. d/b/a | ) | |
| SYMMETRY SURGICAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Sentinel Insurance Company, Ltd. ("Sentinel"), by its attorneys, Michael J. Duffy and Abigail E. Rocap of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against the Defendants, Novo Surgical Inc. ("Novo") and Specialty Surgical Instrumentation, Inc. d/b/a Symmetry Surgical, Inc. ("Symmetry"), states as follows:

**STATEMENT OF THE CASE**

1. This action seeks a declaration that Sentinel owes no insurance coverage obligations to Novo under the Sentinel Policies with respect to the claims against Novo in the lawsuit styled *Specialty Surgical Instrumentation, Inc. d/b/a Symmetry Surgical, Inc. v. Novo Surgical, Inc.*, Case No. 17 cv 8108, currently pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "*Symmetry* Suit").

**PARTIES**

2. Sentinel is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

3.      Novo is an Illinois corporation with its principal place of business in this District.

4.      Symmetry is a Tennessee corporation with its principal place of business in Tennessee.  Symmetry has filed suit in this District for which insurance is sought from Sentinel. Symmetry is joined herein solely as an interested party to be bound by the judgment of this Court.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest, and Sentinel is not a citizen of any state in which any of the Defendants is a citizen.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 as this case involves a claim for coverage under an insurance policy issued within this District for a suit which is pending within this District.

**FACTUAL BACKGROUND**

7.      On November 9, 2015, Symmetry sent Novo a cease and desist letter claiming Novo misappropriated Symmetry's product numbering system and product descriptions, demanding Novo immediately stop doing so or Symmetry would take further action against Novo to enforce its rights ("November 2015 Cease and Desist Letter").  A copy of the November 2015 Cease and Desist Letter is attached hereto as Exhibit 1.

8.      Sometime later Novo responded to the November 2015 Cease and Desist Letter disagreeing with Symmetry's position.  A copy of Novo's response is attached hereto as Exhibit 2.

9.      On June 16, 2017 Symmetry sent a second cease and desist letter to Novo, again alleging Novo misappropriated Symmetry's product numbering system and product descriptions ("June 2017 Cease and Desist Letter").  Symmetry again demanded that Novo immediately cease and desist from said misappropriation or Symmetry would take legal action to enforce its rights.  A copy of the June 2017 Cease and Desist Letter is attached hereto as Exhibit 3.

10.      On June 28, 2017, Novo responded to the June 2017 Cease and Desist Letter again disagreeing with Symmetry's position.  A copy of Novo's June 28, 2017 response is attached hereto as Exhibit 4.

11.      On November 9, 2017, Symmetry filed its Complaint for Copyright Infringement and Unfair Competition in the *Symmetry* Suit.  A copy of the Complaint is attached hereto as Exhibit 5.

12.      Novo was served in the *Symmetry* Suit on November 18, 2017.

13.      Sentinel's first notice of the *Symmetry* Suit, as well as the events or issues concerning Novo's alleged misappropriation of Symmetry's product numbering system and descriptions was on January 10, 2018.

14.      Sentinel issued general liability policies bearing policy number 83 SBA TM2582, effective annually from January 23, 2013 through January 23, 2018, to Novo (collectively referred to as the "Sentinel Policies").  Copies of the Sentinel Policies are attached as Exhibits 6, 7, 8, 9, and 10 respectively.

15.      The Sentinel Policies contain Business Liability Coverage ("Sentinel GL Coverage") which, in part, provides as follows:

**BUSINESS LIABILITY COVERAGE FORM**

**A.      COVERAGES**

1.      BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)

Insuring Agreement

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.

\*      \*      \*

b.      This insurance applies:

(1)      To "bodily injury" and "property damage" only if:

(a)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b)      The "bodily injury" or "property damage" occurs during the policy period; and

\*      \*      \*

(2)      To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense

4

was omitted in the "coverage territory" during the policy period.

\*     \*     \*

**B.**    **EXCLUSIONS**

    a.    Applicable to Business Liability Coverage

    This insurance does not apply to:

    a.    Expected Or Intended Injury

    (1)    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" "or "property damage" resulting from the use of reasonable force to protect persons or property; or

    (2)    "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

\*     \*     \*

    p.    Personal And Advertising Injury

    "Personal and advertising injury:

\*     \*     \*

    (2)    Arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period;

\*     \*     \*

E.    **LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS**

\*        \*        \*

2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit

a.    Notice Of Occurrence Or Offense

You or any additional insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons and witnesses; and

(3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    Notice Of Claim

If a claim is made or "suit" is brought against any insured, you or any additional insured must:

(1)    Immediately record the specifics of the claim or "suit" and the date received; and

(2)    Notify us as soon as practicable.

You or any additional insured must see to it that we receive a written notice of the claim or "suit" as soon as practicable.

c.    Assistance And Cooperation Of The Insured

You and any other involved insured must:

6

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

\*       \*       \*

G.     **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

1.     "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

a.   (1) Radio;

(2) Television;

(3) Billboard;

(4) Magazine;

(5) Newspaper;

b.   The internet, but only that part of a web site that is about goods, products or services for the purposes of inducing the sale of goods, products or services; or

c.   Any other publication that is given widespread public distribution.

7

However, "advertisement" does not include:

a. The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or

b. An interactive conversation between or among persons through a computer network.

2.     "Advertising idea" means any idea for an "advertisement."

\*     \*     \*

5.     "Bodily injury" means physical:

a. Injury;

b. Sickness; or

c. Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*     \*     \*

16.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.     "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that

a person or organization occupies, committed by or on behalf of its owner, landlord or lessor;[1]

d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral written or electronic publication of material that violates a person's right of privacy;

f. Copying, in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement";

g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

h. Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person.[2]

\* \* \*

20. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

---

[1] This language is quoted as amended by Endorsement. See Exs. 6-8, Form SS 41 62 06 11 and Exs. 9-10 Form SS 00 60 09 15.

[2] This language is quoted as amended by Endorsement in the Policies in effect from January 23, 2013 through January 23, 2018. See Exs. 6-8, Form SS 41 62 06 11. The Policies in effect from January 23, 2016 through January 23, 2018 are amended by Endorsement to remove subparagraph h. from the "Personal and Advertising Injury" definition. See Exs. 9-10, Form SS 00 60 09 15.

\*     \*     \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**RESTRICTION OF COVERAGE**

This endorsement modifies insurance provided under the following:

**BUSINESS LIABILITY COVERAGE FORM**

This endorsement contains the following restrictions of coverage:

\*     \*     \*

**B.     Health Care Services Exclusion**

    1.     The following exclusion is added to this Coverage Part:

    This insurance does not apply to any injury, damage, loss, cost or expense, including but not limited to "bodily injury," "property damage" or "personal and advertising injury" arising out of or in any way related to:

    a.     Medical, surgical, dental or x-ray service, treatment, products, advice or instruction;

    b.     Any health or therapeutic service, treatment, product, advice or instruction;

    c.     The furnishing or dispensing of drugs or medical, dental or surgical supplies, products or appliances; or

\*     \*     \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**CYBERFLEX COVERAGE**

This endorsement modifies insurance provided under the following:

**BUSINESS LIABILITY COVERAGE FORM**

This endorsement modifies coverage under the Business Liability Coverage Form for your web site or internet related activities.

\*       \*       \*

B.      Section G. – LIABILITY AND MEDICAL EXPENSES DEFINITIONS is amended as follows:

1.      Paragraph b. of definition 1. "advertisement" is deleted and replaced by:

"Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

b.      The internet;

2.      Paragraphs f. and g. of the definition of "personal and advertising injury" are deleted and replaced by the following:

"Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

f.      Copying, in your "advertisement" or on "your web site," a person's or organization's "advertising idea" or style of "advertisement";

g.      Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement" or on "your web site"; or

3.      The following is added to the definition of "personal and advertising injury":

As used in this definition, oral, written or electronic publication includes publication of material in your care, custody or control by someone not authorized to access or distribute that material.

4.      The following definition is added:

11

> "Your web site" means a web page or set of interconnected web pages prepared and maintained by you, or by others on your behalf, for the purposes of promoting your goods or services, that is accessible over a computer network.
>
> \*　　\*　　\*

See Exs. 6-10.

16. By endorsement, the Sentinel Policies also include umbrella liability coverage (the "Sentinel UL Coverage") in effect from March 6, 2013 through January 23, 2018, which, in part, provide as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
>
> **UMBRELLA LIABILITY PROVISIONS**
>
> \*　　\*　　\*
>
> **SECTION I – COVERAGES**
>
> **INSURING AGREEMENT**
>
> **A.    Umbrella Liability Insurance**
>
> 1.    We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence."   But, the amount we will pay as "damages" is limited as described in **Section IV – LIMITS OF INSURANCE.**
>
>     No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – INVESTIGATION, DEFENSE, SETTLEMENT**.

2.      This insurance applies to "bodily injury," "property damage" or "personal and advertising injury" only if:

    a.      The "bodily injury", "property damage" or "personal and advertising injury" occurs during the "policy period," and

\*      \*      \*

**B.      EXCLUSIONS**

This policy does not apply to:

\*      \*      \*

4.      Personal and Advertising Injury

"Personal and advertising injury."

**EXCEPTION**

This exclusion does not apply if "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury."

5.      Underlying Insurance

Any injury or damage:

    a.      Covered by "underlying insurance" but for any defense which any underlying insurer may assert because of the "insured's" failure to comply with any condition of its policy.

\*      \*      \*

**SECTION VII – DEFINITIONS**

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

\*      \*      \*

13

F. "Occurrence" means:

1. With respect to "bodily injury" or 'property damage," an "accident," including continuous or repeated exposure to substantially the same general harmful conditions; and

2. With respect to "personal and advertising injury," an offense described in one of the numbered subdivisions of that definition in the "underlying insurance.

\*　　\*　　\*

I. "Underlying insurance" means the insurance policies listed in the extension Schedule of Underlying Insurance Policies, including any renewals or replacement thereof, which provide the underlying coverages and limits stated in the Schedule of Underlying Insurance Policies. The limit of "underlying insurance" includes:

1. Any deductible amount,

2. Any participation of any "insured"; and

3. Any "self-insured retention" above or beneath any such policy;

Less the amount, if any, by which the aggregate limit of such insurance has been reduced by any payment relating to any act, error, omission, injury, damage or offense for which insurance is provided by this policy, including Medical Payments Coverage as described in the "underlying insurance." The coverages and limits of such policies and any such deductible amount, participation or "self-insured retention" shall be deemed to be applicable regardless of:

1. Any defense which any underlying insurer may assert because of the "insured's" failure to comply with any condition of its policy; or

2. The actual or alleged insolvency or financial impairment of any underlying insurer or any "insured."

14

The risk of insolvency or financial impairment of any underlying insurer or any "insured" is borne by you and not by us.

\*       \*       \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**RESTRICTION OF COVERAGE**

This endorsement modifies insurance provided under the following:

**UMBRELLA LIABILITY INSURANCE POLICY**

This endorsement contains the following restrictions of coverage:

\*       \*       \*

**B.      Health Care Services Exclusion**

1.      The following exclusion is added to this the policy:

This policy does not apply to any injury, damage, loss, cost or expense, including but not limited to "bodily injury," "property damage" or "personal and advertising injury" arising out of or in any way related to:

a.      Medical, surgical, dental or x-ray service, treatment, products, advice or instruction;

b.      Any health or therapeutic service, treatment, product, advice or instruction;

c.      The furnishing or dispensing of drugs or medical, dental or surgical supplies, products or appliances; or

\*       \*       \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**FOLLOWING FORM ENDORSEMENT –
PERSONAL AND ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

**UMBRELLA POLICY PROVISIONS**

Exclusion **B.4. (Section I – Coverages),** is replaced by the following:

4.      Personal and Advertising Injury

This policy does not apply to "personal and advertising injury."

**EXCEPTION**

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance," but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

See Exs. 6-10.

17.      Novo seeks coverage for the *Symmetry* Suit under the Sentinel Policies and Sentinel has denied it owes defense or indemnity obligations to Novo.

18.      An actual controversy exists between the parties with respect to their respective duties and obligations under the subject policies. This Court has the power to make binding

16

declarations of the rights and duties of the parties herein, and to adjudicate the dispute between the parties herein.

## COUNT I
### BREACH OF NOTICE CONDITIONS

19.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

20.     The Sentinel GL Coverage requires that Sentinel be notified of an "occurrence", offense, claim or "suit" "as soon as practicable" and that any claim or suit papers be immediately forwarded to Sentinel.

21.     On or about November 9, 2015, Novo received a letter from Symmetry complaining about Novo's misappropriation of Symmetry's product numbering system and product descriptions and demanding it cease and desist from continuing its misappropriation; Novo also received a second letter from Symmetry on June 16, 2017 raising the same complaints and again demanding it cease and desist; and Novo was served in the *Symmetry* Suit on or about November 18, 2017.

22.     Sentinel first received notice of the *Symmetry* Suit and Novo's alleged misappropriation of Symmetry's product numbering system and product descriptions on January 10, 2018.

23.     Novo failed to provide timely notice of any "occurrence" or offense giving rise to the *Symmetry* Suit, the claims described in the *Symmetry* Suit, or the *Symmetry* Suit itself under the Sentinel GL Coverage.

24.     Novo has breached the notice conditions in the Sentinel GL Coverage and whatever coverage otherwise available for the *Symmetry* Suit is forfeited.

25.     Because Novo breached the notice provisions in the Sentinel GL Coverage, coverage is also precluded under the Sentinel UL Coverage.

26.     Accordingly, Sentinel has no duty to defend or indemnify Novo for its liability in the *Symmetry* Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, Ltd., prays that this Court enter the following relief:

      A.     Finding that Sentinel owes no duty to defend or indemnify Novo in the *Symmetry* Suit; and

      B.     For all such just and equitable relief, including costs for this suit.

## COUNT II
### HEALTH CARE SERVICES EXCLUSIONS PRECLUDE COVERAGE

27.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

28.     The Sentinel Policies exclude any injury, damage, loss, cost or expense, including any "bodily injury", "property damage" or "personal or advertising injury" arising out of or in any way related to medical, surgical, dental products and/or the furnishing or dispensing of medical, dental or surgical supplies or products.

29.     The claims in the *Symmetry* Suit arise out of and are related to the furnishing and dispensing of medical, dental and/or surgical supplies and products.

30.     Thus, Sentinel has no duty to defend or indemnify Novo in the *Symmetry* Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, Ltd., prays that this Court enter the following relief:

    A.    Finding that Sentinel owes no duty to defend or indemnify Novo in the *Symmetry* Suit; and

    B.    For all such just and equitable relief, including costs for this suit.

**COUNT III**
**NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE"**

31.    Sentinel incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

32.    Subject to all of their terms, the Sentinel Policies provide coverage for claims for "damages" because of "property damage" or "bodily injury" caused by an "occurrence" as those terms are defined and used in the Sentinel Policies.

33.    The *Symmetry* Suit does not allege claims for "damages" because of "property damage" or "bodily injury" caused by an "occurrence."

34.    Therefore, Sentinel owes no coverage to Novo for the *Symmetry* Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, Ltd., prays that this Court enter the following relief:

    A.    Finding that Sentinel owes no coverage to Novo in the *Symmetry* Suit; and

    B.    For all such just and equitable relief, including costs for this suit.

**COUNT IV**
**EXPECTED OR INTENDED INJURY EXCLUSION PRECLUDES COVERAGE**

35.    Sentinel incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

36.    The Sentinel GL Coverage precludes coverage for claims for "damages" because of "bodily injury" or "property damage" expected or intended from the standpoint of the insured and for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting the injury.

37.    Even if the *Symmetry* Suit concerned claims for damages because of "bodily injury", "property damage" or "personal and advertising injury" offenses, most, if not all, of the claims would fall within the Expected or Intended Injury Exclusion.

38.    Accordingly, Sentinel owes no coverage to Novo for the *Symmetry* Suit under the Sentinel GL Coverage for such claims.

WHEREFORE, Plaintiff, Sentinel Insurance Company, Ltd., prays that this Court enter the following relief:

A.    Finding that Sentinel owes no coverage to Novo for such claims in the *Symmetry* Suit; and

B.    For all such just and equitable relief, including costs for this suit.

**COUNT V**
**PRIOR PUBLICATION EXCLUSION PRECLUDES COVERAGE**

39.    Sentinel incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

40.    The Sentinel GL Coverage precludes coverage for claims for "personal and advertising injury" arising out of written or electronic publication of material whose first publication took place before the beginning of the policy period.

20

41.     Upon information and belief, most, if not all, of the claims in the *Symmetry* Suit are based on publications first published prior to the effective date of any of the Sentinel Policies.

42.     Accordingly, Sentinel owes no coverage to Novo for such claims in the *Symmetry* Suit under the Sentinel GL Coverage.

WHEREFORE, Plaintiff, Sentinel Insurance Company, Ltd., prays that this Court enter the following relief:

        A.     Finding that Sentinel owes no coverage to Novo for such claims in the *Symmetry* Suit; and

        B.     For all such just and equitable relief, including costs for this suit.

## COUNT VI
**PERSONAL AND ADVERTISING INJURY EXCLUSION PRECLUDES COVERAGE
UNDER THE SENTINEL UL COVERAGE**

43.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 42 above as if fully set forth herein.

44.     The Sentinel UL Coverage provides "in no event shall any 'personal and advertising injury' coverage provided under this policy apply to any claim or 'suit' to which 'underlying insurance' does not apply."

45.     Because any "personal or advertising injury" is excluded from coverage under the Sentinel GL Coverage, the Personal and Advertising Injury Exclusion also precludes coverage under Sentinel UL Coverage for the *Symmetry* Suit.

46.     Accordingly, Sentinel owes no coverage to Novo for these claims against it in the *Symmetry* Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, Ltd., prays that this Court enter the following relief:

      A.      Finding that Sentinel owes no coverage to Novo in the *Symmetry* Suit; and

      B.      For all such just and equitable relief, including costs for this suit.

      Respectfully submitted,

      SENTINEL INSURANCE COMPANY, LTD.

      By:_____/s/ Michael J. Duffy_____
               One of Its Attorneys

Michael J. Duffy (michael.duffy@wilsonelser.com)
Abigail E. Rocap (abigail.rocap@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)